UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YANIQUE JALEEL BUCKLEY,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-02624-DAD-JDP

ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER IN PART

(Doc. No. 2)

This matter is before the court on petitioner's motion for temporary restraining order filed on April 7, 2026. (Doc. No. 2.) On April 8, 2026, respondents filed an opposition to that motion. (Doc. No. 8.) For the reasons below, the court will grant petitioner's motion for temporary restraining order in part.

**BACKGROUND**

In support of his motion for temporary restraining order, petitioner has filed a verified petition—to which he has attached several documents referred to throughout the petition—in which he alleges the following. (Doc. No. 1.)

On July 26, 2003, petitioner entered the United States and was admitted on a visitor visa. (*Id.* at ¶ 21.) On December 15, 2025, petitioner completed his adjustment of status and became a lawful permanent resident. (*Id.*) However, on December 23, 2022, petitioner entered a plea of guilty to violations of California Penal Code §§ 273.5(a), 646.9(A), and 136.1(A)(1). (*Id.* at ¶ 22;

1

Doc. No. 1-1 at ¶ 7.)  Petitioner was sentenced to imprisonment for three consecutive terms of three years, eight months, and eight months pursuant to those convictions.  (Doc. No. 1 at ¶ 22.)  On June 14, 2023, petitioner pled guilty to an additional charge of violating California Penal Code § 459 and was sentenced to a two-year term of imprisonment.  (*Id.* at ¶ 23.)  In March 2025, petitioner was released from state prison and was detained by immigration authorities.  (*Id.* at ¶ 26.)  On March 27, 2025, petitioner was placed into removal proceedings based upon his conviction of an aggravated felony offense.  (*Id.* at ¶ 27.)

On January 12, 2026, petitioner's three December 23, 2022 convictions were vacated by the Los Angeles County Superior Court.  (*Id.* at ¶ 29.)  On that same day, petitioner requested a custody hearing before the assigned immigration judge and filed a motion to terminate his immigration proceedings based on the assertion that the underlying convictions upon which his removal proceedings were premised had been vacated.  (*Id.* at ¶ 30.)  On January 26, 2026, the assigned immigration judge denied petitioner's motion to terminate, finding that the government had shown by clear and convincing evidence that petitioner was likely removable in light of his guilty pleas.  (*Id.* at ¶ 31; Doc. No. 1-1 at 13.)  On February 3, 2026, petitioner withdrew his request for a custody hearing.  (Doc. No. 1 at ¶ 32.)  On February 9, 2026, the assigned immigration judge found that petitioner was removable based on his guilty pleas and ordered his removal.  (*Id.* at ¶ 33.)  That same day, petitioner appealed his removal order to the Board of Immigration Appeals ("BIA").  (*Id.* at ¶ 34.) On March 30, 2026, petitioner requested a *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999) hearing to determine whether he is subject to 8 U.S.C. § 1226(c).  (*Id.* at ¶ 35.)  In total, petitioner has now been detained by immigration authorities for a little over twelve months.  (*Id.* at ¶ 36.)

Based on the above allegations, petitioner asserts the following three claims for relief in his pending petition:  (1) his continued detention violates the Immigration and Nationality Act ("INA") because his detention cannot be governed by 8 U.S.C. § 1226(c); (2) his detention has become prolonged and violates his substantive due process rights under the Fifth Amendment; and (3) his prolonged detention without a bond hearing before a neutral adjudicator violates procedural due process under the Fifth Amendment.  (*Id.* at 23–25.)

2

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

/////

3

**DISCUSSION**

**A.    INA Violation (Claim 1)**

Petitioner argues that he cannot be detained pursuant to 8 U.S.C. § 1226(c) because his underlying criminal conviction was vacated.  (Doc. No. 2 at 14–17.)  Respondents argue that this court cannot review this claim both as a matter of administrative exhaustion and because this court lacks jurisdiction to review portions of the removal order entered by the immigration judge in petitioner's case.  (Doc. No. 8 at 2–3.)  Specifically, respondents contend that the immigration judge, as part of the removal order, found that petitioner was convicted of a crime of moral turpitude which rendered him removable even though that conviction was subsequently vacated.  (*Id.*)  Respondents therefore posit that a contrary finding by this court would amount to vacating the removal order which is not authorized under 8 U.S.C. § 1252.  (*Id.* at 3.)

Title 8 U.S.C. § 1252(b)(9) provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

The Supreme Court has clarified that this section does not provide a jurisdictional bar where a petitioner is "not asking for review of an order of removal[, is] not challenging the decision to detain them in the first place or to seek removal[, and is] not even challenging any part of the process by which their removability will be determined." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).  Accordingly, review of whether a petitioner is properly detained pursuant to 8 U.S.C. § 1226(c) is not barred by § 1252(b)(9). *Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (holding that § 1252(b)(9) did not strip jurisdiction regarding review of an immigration court's determination that the respondents were subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)).  Accordingly, another district court has concluded that § 1252(b)(9) does not deprive it of jurisdiction to determine whether a petitioner's criminal conviction may properly be a basis for

a petitioner's mandatory detention pursuant to 8 U.S.C. § 1226(c). *Vasquez Cruz v. Barr*, No. 19-cv-05251-LHK, 2019 WL 6327576, at *3–4 (N.D. Cal. Nov. 26, 2019).

However, in this case, the criminal conviction which serves as the basis for petitioner's detention is the same criminal conviction on which his removal order is based. *Contra Vasquez Cruz*, 2019 WL 6327576, at *3 (finding that the petitioner was not indirectly requesting review of his removal order where the removal order was not based on the conviction that was the basis for his mandatory detention under § 1226(c)). The court need not decide whether this distinction is sufficient to deprive this court of jurisdiction to review petitioner's challenge that § 1226(c) does not apply to him because, as explained below, the court concludes that petitioner has not exhausted his administrative remedies as required.[1]

In immigration court, petitioner has requested a hearing to determine whether his conviction renders him subject to mandatory detention pursuant to § 1226(c), commonly referred to as a *Joseph* hearing, withdrew that request unilaterally on the grounds that such a hearing would be "futile," and subsequently renewed the request for a hearing.[2] (Doc. No. 9 at 7–8.) In short, petitioner has not exhausted his administrative remedies before the immigration judge and

---

[1] The court notes that it has identified at least one case where a district court determined that 8 U.S.C. § 1252(a)(5) prohibited review of the petitioner's detention pursuant to § 1226(c) where the determination that petitioner was subject to mandatory detention was also the basis for the removal order against him. *See Scott v. Wamsley*, No. 2:25-cv-01819-TMC, 2025 WL 3514304, at *4–5 (W.D. Wash. Dec. 8, 2025) (finding that the mandatory detention determination was inextricably linked to the order of removal and accordingly could not be reviewed in habeas proceeding by a district court) (citing *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by [§ 1252(a)(5)]."). Respondents do not argue, however, that § 1252(a)(5) applies in this action.

[2] The Supreme Court has explained that:

> This 'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c). At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention.

*Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003).

has also not exhausted his administrative remedies by pursuing an appeal to the BIA. *Cruz v. Sessions*, No. 18-cv-06215-LHK, 2018 WL 6047287, at *4–5 (N.D. Cal. Nov. 18, 2018) (finding that the petitioner had not exhausted his administrative remedies in challenging his detention pursuant to 8 U.S.C. § 1226(c) because he had not yet received a decision on his appeal to the BIA).

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Petitioner argues that requiring administrative exhaustion in his case would be futile because the immigration judge has already failed to follow clear Ninth Circuit precedent that prohibits consideration of his vacated conviction in determining whether a removal order should issue. (Doc. No. 9 at 8–9.) However, as noted, petitioner has not completed an appeal to the BIA from the immigration judge's decision which he maintains is contrary to Ninth Circuit precedent.[3]

---

[3] Indeed, petitioner makes a strong argument that in the Ninth Circuit a criminal conviction vacated pursuant to California Penal Code § 1473.7(a)(1), as petitioner's was (*see* Doc. No. 1 at ¶ 29), cannot serve at all as a conviction for immigration purposes. *See Bent v. Garland*, 115 F.4th 934, 940–41 (9th Cir. 2024) ("We need not dust off our dictionary or delve into the legislative history of § 1473.7(a)(1) to see that the statute provides a vehicle to vacate a conviction to address a substantive or procedural error that renders a conviction 'legally invalid.'") (citing *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1177–78 (9th Cir. 2022) (holding that a conviction vacated on basis of a procedural or substantive defect in the criminal proceedings is not a conviction for immigration purposes)).

Petitioner has made no argument regarding why his appeal to the BIA would be futile, instead focusing only on why the immigration judge is unlikely to grant petitioner's request at a *Joseph* hearing, nor does petitioner make any showing that an appeal to the BIA will take an unreasonable length of time. *See, e.g., Sharma v. Archambrault*, No. 26-cv-00513-BAS-SBC, 2026 WL 381611, at *2 (S.D. Cal. Feb. 11, 2026) (declining to waive prudential exhaustion where the petitioner's appeal was pending before the BIA and the BIA was authorized to reverse the errors the petitioner purported the immigration judge had committed). Therefore, in light of petitioner's limited showing, the court concludes that the prudential exhaustion requirement should not be waived as to petitioner's contention that § 1226(c) cannot serve as the basis for his detention.[4] However, respondents do not argue that exhaustion is required as to petitioner's procedural due process claim. Accordingly, the court will address that claim below.

**B.      Procedural Due Process**

Petitioner argues that he is entitled to a bond hearing because his mandatory detention without such a hearing has gone on for approximately a year and accordingly has violated his right to procedural due process. (Doc. No. 2 at 19–23.) Respondents argue only that petitioner's detention is not indefinite because his removal order may become final following BIA review. (Doc. No. 8 at 3.) The undersigned has previously found that a petitioner may challenge their detention pursuant to § 1226(c) through an as-applied due process challenge, and the court adopts that analysis here. *See S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085, at *2 (E.D. Cal. Jan. 27, 2026). Several courts in the Ninth Circuit have found that prolonged detention of a lawful permanent resident without a bond hearing pursuant to 8 U.S.C. § 1226(c) violates due process. *See Diep v. Wofford*, No. 1:24-cv-01238-SKO (HC), 2025 WL 604744, at *4–5 (E.D.

---

[4] Petitioner also argues that his continued detention is "necessarily punitive because it serves no legitimate purpose" in light of his state criminal conviction having been vacated, thereby removing the basis for his removal order. (Doc. No. 2 at 17–19.) Petitioner therefore contends that his continued detention violates his right to substantive due process. (*Id.*) Because the court has concluded that petitioner has not exhausted his administrative remedies as to this argument, the court declines to address petitioner's substantive due process arguments nor does it decide at this time whether it would have jurisdiction to hear petitioner's exhausted challenge as to that claim.

Cal. Feb. 25, 2025) (finding that the lawful permanent resident petitioner's thirteen-month detention pursuant to § 1226(c) violated due process and ordering a bond hearing before an immigration judge); *see also Scott*, 2025 WL 3514304, at *8–9 (twenty-month detention of lawful permanent resident petitioner pursuant to § 1226(c) violated due process); *Singh v. Albarran*, No. 1:26-cv-00940-DC-DMC (HC), 2026 WL 392169, at *3–4 (E.D. Cal. Feb. 12, 2026) (twelve-month detention of a lawful permanent resident petitioner pursuant to § 1226(c) violated due process); *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *8–9 (C.D. Cal. Oct. 23, 2025) (discussing the district court's earlier order finding that the lawful permanent resident petitioner's eighteen-month detention pursuant to 8 U.S.C. § 1226(c) without a bond hearing violated due process and granting the petitioner's motion for preliminary injunction and enjoining the respondents from detaining petitioner without a pre-detention hearing).  The court adopts the reasoning of these district courts and determines that petitioner's twelve-month detention without a bond hearing likewise violates due process.  Accordingly, the court concludes that petitioner is likely to succeed on the merits of his claim that his continued detention without a bond hearing violates due process.

As to its consideration of the remaining *Winters* factors, the court incorporates its analysis from its prior order in *S.E.*, 2026 WL 206085, at *4, and concludes that petitioner has demonstrated irreparable harm due to the likely deprivation of constitutional rights and that the balance of the equities and the public interest factors weigh against respondents because respondents have failed to show that any harm from an injunction to them was more than minimal.

Having concluded that the *Winter* factors weigh in favor of petitioner and support the issuance of a temporary restraining order, the court considers the appropriate remedy.  The court finds the district court decisions in *Singh* and *Diep* to be persuasive in this regard.  Accordingly, the court will order that respondents provide petitioner with a bond hearing, at which respondents will bear the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk.  *See Singh*, 2026 WL 392169, at *5 ("Other district courts in the Ninth Circuit that have found prolonged mandatory immigration detention unconstitutional absent

8

a bond hearing have applied the clear and convincing evidence standard, with the government bearing the burden of proof."); *Diep*, 2025 WL 604744, at *5 (finding that the third *Mathews* factor weighed against the respondents because the appropriate remedy of a bond hearing had a minimal cost).

For the reasons above,

1.    Petitioner's motion for temporary restraining order (Doc. No. 2) is GRANTED in part as follows:

    a.    Respondents are ORDERED to provide petitioner with a bond hearing within fourteen (14) days of the date of entry of this order, at which hearing respondents will bear the burden of demonstrating that petitioner poses a danger to the community or flight risk by clear and convincing evidence;

    b.    Petitioner's motion is otherwise DENIED without prejudice upon the administrative exhaustion of his other claims;

2.    Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3.    The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **April 15, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE